IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE and DORIS SANDIFER,
and JAMES and EVERLINA CLAY,                           PLAINTIFFS,

VS.                                    CIVIL ACTION NO. 4:05CV173-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
FIRST GREENWOOD-LEFLORE
PROPERTIES, INC.; JIM PRUETT;
LINDA PRUETT; BANK OF COMMERCE;
TERRY GREEN; STATE BANK & TRUST
COMPANY; and OPTION ONE MORTGAGE
COMPANY,                                              DEFENDANTS.

**PARTIAL FINAL JUDGMENT**

These matters come before the court upon Defendant Coldwell Baker Real Estate Corporation's joinder [213] and Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [214] in Defendant State Bank's October 24, 2006 motion to compel arbitration of all of the plaintiffs' claims against all of the defendants which the court granted in part in its March 22, 2007 Order dismissing Willie and Doris Sandifer's claims against Defendants Option One Mortgage Company, State Bank & Trust Company, Bank of Commerce, and Terry Green without prejudice and compelling those claims to binding arbitration. Upon due consideration of the remaining defendants' joinders, the court finds as follows, to-wit:

The court observed in its March 22, 2007 Order that: "although State Bank moves to compel arbitration against all defendants on the same basis [*i.e.*, pursuant to *Grigson v. Creative Artists*

1

*Agency, LLC*, 210 F.3d 524 (5th Cir. 2000)], State Bank does not have standing to move for the other defendants. At this time, only defendants Bank of Commerce, Terry Green, and Option One have joined in State Bank's motion to compel. Until the other defendants do so, only the claims against State Bank, Bank of Commerce, Option One, and Terry Green may be compelled to arbitration."

Furthermore, the court ruled in its March 22, 2007 Order that James and Everlina Clay's claims could not be compelled to arbitration since their agreement with WMC Mortgage was invalid given that, by its own terms, the WMC Mortgage arbitration agreement required a signature by WMC Mortgage but contained no such signature.

Thus, the court already indicated that its March 22, 2007 ruling would apply to all of the defendants in this action pursuant to *Grigson* in relation to Willie and Doris Sandifer's claims but not to the claims of James and Everlina Clay. Since the remaining defendants have filed joinders, the court concludes that all of the Sandifers' claims against all of the defendants should be dismissed without prejudice and sent to binding arbitration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that pursuant to Defendant Coldwell Baker Real Estate Corporation's joinder [211] and Defendants Jim Pruett, Linda Pruett, Coldwell Banker First Greenwood-Leflore Realty, Inc., and Leflore Properties, Inc.'s joinder [212] in Defendant State Bank's October 24, 2006 motion to compel arbitration of all of Willie and Doris Sandifer's claims against all of the defendants which the court granted in its March 22, 2007 Order, the court concludes:

(1) For the same reasons discussed in the court's March 22, 2007 Order, which the court adopts and incorporates herein, all of Willie and Doris Sandifer's claims against all of the remaining defendants in this action should be **DISMISSED WITHOUT PREJUDICE** and are

2

**COMPELLED TO BINDING ARBITRATION**; and,

    (2) The claims of James and Everlina Clay remain.

    **SO ORDERED** this the 21st day of September, A.D., 2007.

                                            /s/ W. Allen Pepper, Jr.
                                            W. ALLEN PEPPER, JR.
                                            UNITED STATES DISTRICT JUDGE